CTJ

**FILED**
January 11, 2018
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 16-11693

United States Court of Appeals
Fifth Circuit
**FILED**
December 20, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

v.

NOE DAVALOS-COBIAN,

　　　　Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-122-O

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

　　Defendant-Appellant Noe Davalos-Cobian pleaded guilty to conspiracy to distribute methamphetamine. The calculation of the quantity of drugs attributed to him at sentencing was based on a conversion of the monetary value he received for the liquid methamphetamine that he had distributed. The formula used for that conversion calculated the total quantity of methamphetamine distributed based on the dollar value of one kilogram of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 16-11693    Document: 00514303619    Page: 2    Date Filed: 01/11/2018
Case 4:16-cr-00122-O   Document 744   Filed 01/11/18   Page 2 of 8   PageID 3965

No. 16-11693

liquid methamphetamine. The methamphetamine had been distributed in crystalline form, so the resulting amount was then multiplied by the average purity percentage from samples of crystalline methamphetamine previously seized from a co-conspirator that had been converted from liquid methamphetamine.

Davalos-Cobian appeals the calculation of the relevant conduct attributed to him. We conclude that the district court erred in calculating his sentence and VACATE Davalos-Cobian's sentence and REMAND for resentencing.

I.

Davalos-Cobian pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. He supplied liquid methamphetamine, which he had acquired from an undisclosed source in Mexico, to a distributor here, Estevan Sidon-Gonzalez. Davalos-Cobian was paid by Sidon-Gonzalez or his couriers. Sidon-Gonzalez then converted the liquid methamphetamine to the crystalline form for distribution. On two occasions, task force officers working with the Drug Enforcement Agency intercepted phone calls between Davalos-Cobian and Sidon-Gonzalez during which they discussed the amounts due. The amounts discussed during the phone calls totaled $54,500.

The probation office prepared a Presentence Investigation Report (PSR) after Davalos-Cobian pleaded guilty. There was no drug seizure in the case, so the probation office calculated the approximate quantity of the controlled substance to determine Davalos-Cobian's base offense level. In doing so, the probation office divided the $54,500 discussed on the phone calls by $8,000, which was the average price paid by Sidon-Gonzalez to Davalos-Cobian for a

Case: 16-11693    Document: 00514303619    Page: 3    Date Filed: 01/11/2018
Case 4:16-cr-00122-O   Document 744   Filed 01/11/18   Page 3 of 8   PageID 3966

No. 16-11693

kilogram of liquid methamphetamine. That formula yielded a total of 6.81 kilograms of liquid methamphetamine as the relevant quantity. The liquid methamphetamine received by Sidon-Gonzalez was not in "user form," so Sidon-Gonzalez would convert it to crystalline form. The average purity of the crystalline methamphetamine distributed by Sidon-Gonzalez was 92.1 percent based on the samples seized. The average purity of the liquid methamphetamine samples seized from another co-conspirator, Jesus Sidon, was 48.6 percent.

To calculate the total amount of methamphetamine for which Davalos-Cobian was accountable, the probation office multiplied the 6.81 kilograms of liquid methamphetamine by the 92.1 percent average purity of the crystalline methamphetamine samples seized from Sidon-Gonzalez. The resulting distribution attributed to Davalos-Cobian in the PSR was 6.27 kilograms of "methamphetamine actual." The base offense level for an offense involving 4.5 kilograms or more of methamphetamine actual, as calculated under United States Sentencing Guideline § 2D1.1, is 38.

Davalos-Cobian objected to the purity percentage from the crystalline form of the methamphetamine being applied to the liquid methamphetamine base. He argues that if there were no conversion to methamphetamine actual, the resulting base offense level would have been lower. He also objected to the use of the purity percentage from another co-conspirator's samples, contending there was no indication that those samples were derived from or representative of the liquid methamphetamine base that he had distributed.

The district court overruled Davalos-Cobian's objections and adopted the PSR. The district court sentenced Davalos-Cobian to 262 months imprisonment, which is at the low end of the guideline range applied by the

Case: 16-11693 Document: 00514303619 Page: 4 Date Filed: 01/11/2018
Case 4:16-cr-00122-O Document 744 Filed 01/11/18 Page 4 of 8 PageID 3967

No. 16-11693

district court. At the sentencing hearing, the district court stated: "[G]iven the sophisticated nature of the defendant's role in this case and given the expansive nature of the conspiracy as a whole, this is the sentence I otherwise would impose . . . so even if I'm wrong as to the objections, this is the sentence I otherwise would impose." Davalos-Cobian's counsel objected at sentencing to the reasonableness of the sentence. Davalos-Cobian then timely appealed.

II.

When a defendant preserves a sentencing error in the district court, we review that court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The sentencing court's calculation of the quantity of drugs is a factual finding that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A factual finding is clearly erroneous "only if, based on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Akins*, 746 F.3d 590, 609 (5th Cir. 2014) (citation omitted). There also must be sufficient indicia of reliability in the calculation of relevant conduct that a multiplier estimate is "reasonably representative" of the actual conduct. *See United States v. Cabrera*, 288 F.3d 163, 172 (5th Cir. 2002); *see also United States v. Sherrod*, 964 F.2d 1501, 1508 (5th Cir. 1992).

Davalos-Cobian argues that the sentencing court erred in calculating his relevant conduct because he had handled only liquid methamphetamine. He insists that the drug quantity attributed to him should not have been calculated using the quantity of methamphetamine actual. Davalos-Cobian also argues that the sentencing court erred in using the 92.1 purity percentage in the calculation, as the PSR did not establish that Sidon-Gonzalez's samples

Case: 16-11693     Document: 00514303619     Page: 5     Date Filed: 01/11/2018
Case 4:16-cr-00122-O   Document 744   Filed 01/11/18   Page 5 of 8   PageID 3968

No. 16-11693

were derived from the liquid methamphetamine that he had received from Davalos-Cobian. Davalos-Cobian contends that if any purity percentage were to be applied, it should have been the lower purity percentage of 48.6 determined from Jesus Sidon's liquid samples.

"The district court's factual findings of the amount of drugs involved must be supported by what it could fairly determine to be a preponderance of the evidence" that has "sufficient indicia of reliability." *Sherrod*, 964 F.2d at 1508. Here, the district court adopted the PSR, which attributed to Davalos-Cobian a drug quantity based on the form in which his co-conspirator distributed the methamphetamine and not based on the form of methamphetamine that Davalos-Cobian actually distributed. Davalos-Cobian contends this was error, arguing that the PSR does not contain evidence with sufficient indicia of reliability tying the samples of crystalline methamphetamine seized from Sidon-Gonzalez to the liquid methamphetamine Davalos-Cobian distributed. We agree.

The PSR states that Sidon-Gonzalez received liquid methamphetamine from couriers other than the couriers employed by Davalos-Cobian. The task force officers only intercepted phone calls between Davalos-Cobian and Sidon-Gonzalez discussing the sale of liquid methamphetamine. In fact, the PSR indicated that Sidon-Gonzalez had problems converting Davalos-Cobian's liquid methamphetamine to the crystalline form. We conclude that there was not sufficiently reliable evidence to connect the crystalline methamphetamine samples seized from Sidon-Gonzalez to the liquid methamphetamine distributed by Davalos-Cobian, as the PSR states Sidon-Gonzalez had other suppliers and he had issues converting the methamphetamine received from Davalos-Cobian to crystalline form. In fact, there is no reliable evidence in the

Case: 16-11693      Document: 00514303619      Page: 6      Date Filed: 01/11/2018
Case 4:16-cr-00122-O   Document 744   Filed 01/11/18   Page 6 of 8   PageID 3969

No. 16-11693

PSR as to whether Davalos-Cobian's liquid methamphetamine was ever converted to crystalline form by Sidon-Gonzalez.

Moreover, even if there were such evidence, there was not a reliable metric for calculating the drug quantity attributable to Davalos-Cobian in quantities of methamphetamine actual. All the PSR mentions in terms of values by which to make such a determination is the price per kilogram of liquid methamphetamine. The average purity of the crystalline methamphetamine samples seized from Davalos-Cobian's co-conspirators varies vastly. One co-conspirator's samples had a 92.1 percent purity average and the other's had a 48.6 percent purity average. The PSR used only the higher average without explanation for not including the full range of samples seized in calculating the purity percentage for the conversion. Even if it was appropriate to attribute to Davalos-Cobian the crystalline methamphetamine that Sidon-Gonzalez ultimately distributed, there was not sufficient evidence to create a reliable metric by which to make that conversion in the PSR.

As discussed below, whether Davalos-Cobian's drug quantity was calculated as liquid methamphetamine or methamphetamine actual makes a significant difference in his guideline range. It is particularly important, therefore, that there is a sufficiently reliable method for calculating a conversion of the price of liquid methamphetamine to a weight measurement of methamphetamine actual. The record is devoid of any evidence that would allow the district court to reliably make that calculation. As such, we are left with a definite and firm conviction that it was error to attribute a drug quantity to Davalos-Cobian based on a conversion to methamphetamine actual as opposed to attributing to him the amount of liquid methamphetamine that could reliably be calculated from the prices discussed on the phone calls. There

was only reliable evidence sufficient to calculate the amount of liquid methamphetamine that Davalos-Cobian distributed.

Concluding that the district court did commit procedural error, we now turn to whether this error was harmless. A procedural error is harmless and does not require reversal if it does not affect the selection of the sentence imposed. *United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009). "But it is the Government's 'heavy burden' to prove that (1) 'the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing' and (2) 'the sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation.'" *United States v. Juarez*, 866 F.3d 622, 634 (5th Cir. 2017) (quoting *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016)).

It is true we have held that sentencing courts' statements such as the one in this case—that the district court would impose the same sentence even if it were wrong as to the objection—may sometimes be a sufficient basis to conclude that any potential error was harmless. *See, e.g.*, *Sanchez*, 850 F.3d 767, 769–70 (5th Cir. 2017) (holding any potential error harmless where the sentencing court stated that "to the extent [it] erred in the application of the enhancement . . . the sentence would still be the same"). We have also held, however, that such statements do not establish harmless error when they fail to show that the district court was not influenced by the improperly calculated range. *See, e.g.*, *Juarez*, 866 F.3d at 634–35 (holding that "while the Government has proved that the district court would have departed from the correct range, it has not convincingly shown that the . . . sentence was not influenced by the improperly calculated range").

Case: 16-11693    Document: 00514303619    Page: 8    Date Filed: 01/11/2018
Case 4:16-cr-00122-O   Document 744   Filed 01/11/18   Page 8 of 8   PageID 3971

No. 16-11693

Here, the district court stated that it would have imposed the same sentence even if it had improperly calculated the base offense level. The district court did not indicate, however, that it was not influenced by the improperly calculated range. Indeed, if the PSR had not converted the amount of liquid methamphetamine calculated to methamphetamine actual, Davalos-Cobian's base offense level would have been 34 instead of 38 under United States Sentencing Guideline § 2D1.1(c). This would have resulted in a guideline range of 168–210 months after including the same adjustments applied by the probation office based on the specific offense. The difference between this range and the range the district court considered at the sentencing hearing is almost eight years. In light of this significant difference between these two ranges and the fact that there is no clear evidence that the court considered the correct range, we conclude that the Government has not met its heavy burden to prove harmless error.

## IV.

We VACATE Davalos-Cobian's sentence and REMAND to the district court for resentencing consistent with this opinion.